UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARRY AND BLANCHE BERNADAS | CIVIL ACTION |
| VERSUS | NO. 07-2966 |
| AMERICAN EMPIRE SURPLUS LINES<br>INSURANCE COMPANY | SECTION "N" (4) |

### ORDER AND REASONS

Presently before the Court are (1) Plaintiffs' Motion to Remand (Rec. Doc. No. 9); (2) Defendant's Motion to Set Aside Default Judgment Under Federal Rules of Civil Procedure 55(C) and 60(B) (Rec. Doc. No. 6); and (3) Defendant's Motion to Set Status Conference (Rec. Doc. No. 21). As stated herein, **IT IS ORDERED** that the motion to remand and the motion to set status conference are **DENIED**. The Court requires an additional submission from Plaintiffs relative to the motion to set aside default judgment.

### A.     Plaintiffs' Motion to Remand

In support of their motion to remand, Plaintiffs do not challenge the existence of complete diversity in this matter, or that the jurisdictional amount is satisfied. *See* 28 U.S.C. §§1441, 1332. Further, they do not contend that Defendant's removal is untimely under 28 U.S.C. §1446(b). Rather, Plaintiffs argue that, because removal here occurred *after* the state court's entry of a default judgment, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See District Court of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

The Fifth Circuit, like the Ninth Circuit and other courts, has allowed removals following entry of state court default judgments. *See, e.g., FDIC v. Yancey Camp. Dev.*, 889 F.2d 647, 648 (5th Cir. 1989) (citing cases); *Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir. 1985); *Butner v. Neustadter*, 324 F.2d 783, 784-86 (9th Cir. 1963); *see also* 14C CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3738 (3d ed. 1998) (listing cases).  Further, a removal effected under the factual circumstances presented here implicates this Court's original jurisdiction rather than the "appellate review" prohibited by the *Rooker-Feldman* doctrine. *See, e.g., In re Meyerland Co.*, 960 F.2d 512, 516 n.6 (5th Cir. 1992). Indeed, the federal court treats that which has taken place in state court as if it had occurred in the federal proceeding, but, if warranted, may set aside the state court declaratory judgment. *Butner*, 324 F.2d at 785-86; *see also Murray*, 770 F.2d at 463-64; WRIGHT, ET AL. §3738.

Applying these authorities herein, the Court finds Defendant's removal to have been proper. Accordingly, **IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec. Doc. No. 9) is **DENIED**.

### B.    Defendant's Motion to Set Aside Default Judgment Under Federal Rules of Civil Procedure 55(C) and 60(B)

Having reviewed the parties' memoranda regarding Defendant's motion to set aside default judgment, the Court requires that Plaintiffs supplement their prior submission. Specifically, on or before Monday, December 3, 2007, Plaintiffs shall file a response to Defendant's supplemental memorandum/reply (Rec. Doc. No 19). Plaintiffs' response must address Defendant's arguments regarding La. R.S. 22:1235, 22:1253, 22:1258, 22:1263.1, and 22:1268. If after further review, Plaintiffs concede the merit of Defendant's arguments regarding these statutory provisions and the resulting effect on Defendant's request that the default judgment be set aside, they shall so inform the Court. Given the Court's ruling on the Plaintiffs' motion to remand, Plaintiffs' response shall

not offer further argument regarding the applicability of the *Rooker-Feldman* doctrine.

### C. Defendant's Motion to Set Status Conference

On the showing made, given the present disposition of the motion to remand and the motion to set aside the default judgment, the Court does not find a status conference to be necessary at the present time. Accordingly, **IT IS ORDERED** that Defendant's Motion to Set Status Conference (Rec. Doc. No. 21) is **DENIED**. If any party hereinafter believes a status conference to be warranted, that party shall simply transmit a letter to the Court and opposing counsel that requests a conference, explains why a conference is needed, outlines the matters to be addressed at the conference, and provides that party's position on each matter. Unless otherwise instructed by the Court, a formal motion is not necessary.

New Orleans, Louisiana, this __21st__ day of November 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**