UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARRY AND BLANCHE BERNADAS | CIVIL ACTION |
| VERSUS | NO. 07-2966 |
| AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY | SECTION "N" (4) |

### ORDER AND REASONS

Presently before the Court is Defendant's Motion to Set Aside Default Judgment Under Federal Rules of Civil Procedure 55(c) and 60(b) (Rec. Doc. No. 6). In its November 21, 2007 Order and Reasons (Rec. Doc. No. 21), the Court ordered, among other things, that Plaintiffs supplement their opposition to this motion.[1] Plaintiffs have now done so, and Defendant has responded. *See* Rec. Doc. Nos. 26 and 31. The Court has considered all of the parties' submissions regarding the motion. For the reasons stated herein, **IT IS ORDERED** that the motion is **GRANTED**.

In support of its motion, Defendant maintains that the May 14, 2007 preliminary default and May 17, 2007 confirmation of default obtained by Plaintiffs in state court were improperly entered against it. Thus, Defendant asks the Court to vacate the May 18, 2007 judgment rendered in Plaintiffs' favor by the state court prior to Defendant's removal of the action on May 21, 2007.

---

[1] The November 21, 2007 Order and Reasons also denied Plaintiffs' Motion to Remand (Rec. Doc. No. 9).

The Court finds that Defendant has raised sufficient questions regarding the validity of the May 18, 2007 default judgment to justify setting the judgment aside. In particular, on the showing made, and for purposes of addressing Defendant's motion, the Court is satisfied that, under Louisiana law, Defendant is a surplus lines insurer, and that the policy issued to Plaintiffs is a surplus lines insurance contract.[2] Further, this information was known by or knowable to Plaintiffs at the time they obtained the default judgment against Defendant.

Pertinent to these findings, Defendant's name, which is reflected on the insurance policy in question, contains the words "Surplus Lines Insurance Company." Defendant also is designated as an approved surplus line insurance carrier by the Louisiana Department of Insurance.[3] Consistent with this designation, moreover, the copy of Plaintiffs' policy obtained from the surplus lines broker, CRC Insurance Services, Inc. ("CRC"), bears the notice and signature of the surplus lines broker required by Louisiana Revised Statute 22:1258.[4] In addition, the affidavits submitted by the CRC representative handling plaintiff's policy, Mitchell L. Nodier, and Defendant's underwriter for the policy, Richard D. Weyhrich, considered together, explain why the copy of the policy held by CRC has the required notice and signature, whereas the copy provided directly by Defendant, subsequent to Plaintiffs' claimed losses, does not.[5]

---

[2] Louisiana Revised Statutes 22:5, 22:1257, 22:1258, 22:1262.1, and 22:1263.1 provide certain information regarding surplus lines insurers and surplus lines coverage.

[3] *See* Exhibit B to Defendant's Memorandum in Support of Motion to Aside Default Judgment ("Defendant's Mem.") (Rec. Doc. No. 6-4) and Exhibit H to Defendant's Supplemental Memorandum ("Defendant's Supp. Mem.") (Rec. Doc. No. 19-5).

[4] *See* Exhibit I to Defendant's Supp. Mem. (Rec. Doc. No. 19-6), Exhibit 1 to Exhibit I to Defendant's Supp. Mem. (Rec. Doc. No. 19-6), and Exhibit J to Defendant's Supp. Mem. (Rec. Doc. No. 19-9).

[5] *Id.*; *see also* Exhibit F (labeled as "Plaintiff's Exhibit 3") to Defendant's Supp. Mem. (Rec. Doc. No. 19-3); Exhibit D to Plaintiff's Opposition to Defendant's Motion to Set Aside Default Judgment (Rec. Doc. No. 11-3).

Finally, Defendant maintains that the policy in question, which insures an 87-unit apartment complex owned by Plaintiffs, is not a "personal lines" policy.[6] Thus, the affidavit requirement found in Louisiana Revised Statute 22:1263.1 is not applicable. In any event, emphasizes Defendant, the statute requires the surplus lines broker, not the insurer, to obtain an affidavit from the submitting agent or broker, not the insureds themselves.

Significantly, Plaintiffs have not cited any authority or evidence refuting these or any of Defendant's other assertions. Also, notable, Plaintiffs have not submitted contradictory affidavits of their own or, importantly, that of a submitting agent or broker.[7] Accordingly, as previously stated, the Court, on the showing made, and for purposes of addressing Defendant's motion, is satisfied that, under Louisiana law, Defendant is a surplus lines insurer, and that the policy issued to Plaintiffs is a surplus lines insurance contract.

Pursuant to Louisiana Revised Statute 22:1268, an unauthorized insurer who is sued upon a contract issued by it as a surplus lines contract has forty days from the date of service upon the Louisiana Secretary of State to plead, answer, or otherwise defend the action. Here, according to Plaintiffs, service was made upon the Secretary of State on April 20, 2007. Less than thirty days later, a default judgment was issued. Because these proceedings did not utilize the proper time for answering "prescribed by law," *i.e.*, forty days, they failed to satisfy the requirements of Articles

---

[6] *See* Exhibit J to Defendant's Supp. Mem. (Rec. Doc. No. 19-9).

[7] The last page of Exhibit 1 to Exhibit I to Defendant's Supp. Mem. (Rec. Doc. No. 19-6) is a document labeled "Binder" that apparently was issued on December 27, 2004, by CRC to Lili Porche of Eagan Insurance Agency, Inc., "as the representative of the insured." The Binder document references "Policy # CP-20086" and sets forth a term of 12/22/2004 to 12/22/2005. The policy in question bears Policy No. 4CP20086 and has a policy period of 12/22/2004 to 12/22/2005. Relative to the question of whether the insurance policy is a "surplus lines insurance contract," the Court additionally notes that one of the "Terms & Conditions" set forth in the Binder states that "CRC is responsible for filing all required *Surplus Lines* Taxes, Filings and Fees." (Emphasis added.)

3

1701 and 1702 of the Louisiana Code of Civil Procedure for obtaining and confirming a judgment by default. The Court additionally notes that Defendant removed the state court action within the time period set for in 28 U.S.C. §1446(b), and filed an answer in compliance with Rule 81(c) of the Federal Rules of Civil Procedure. Given these circumstances, the Court finds that the May 18, 2007 default judgment that was rendered in Plaintiffs' favor by the state court should be set aside.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Set Aside Default Judgment Under Federal Rules of Civil Procedure 55(c) and 60(b) (Rec. Doc. No. 6) is **GRANTED**.

New Orleans, Louisiana, this __8th__ day of January 2008.

                                             _____
                                             **KURT D. ENGELHARDT**
                                             **United States District Judge**