UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BARRY AND BLANCHE BERNADAS                         CIVIL ACTION

VERSUS                                              NO. 07-2966

AMERICAN EMPIRE SURPLUS LINES                       SECTION "N" (4)
INSURANCE COMPANY

## ORDER AND REASONS

Presently before the Court is Defendant American Empire Surplus Lines Insurance Company's Motion for Sanctions and for Payment of Excessive Costs under 28 U.S.C. §1927 (Rec. Doc. No. 34). The Court has determined that oral argument regarding this motion is unnecessary. Accordingly, the request for oral argument submitted by Plaintiffs and their counsel, Mr. Salvador M. Bracato, III, is **DENIED**, and the hearing set to be held on February 13, 2008, is **CANCELLED**. Additionally, as stated herein, **IT IS ORDERED** that Defendant's motion is **DENIED**.

As evidenced by the Court's November 21, 2007 and January 8, 2008 Orders and Reasons (Rec. Doc. Nos. 25 and 32), the Court previously rejected Plaintiffs' Motion to Remand and Opposition to Defendant's Motion to Set Aside Default Judgment (Rec. Doc. Nos. 9 and 6). That being said, the Court does not find Plaintiffs' counsel's conduct, in filing the motion to remand and unsuccessfully opposing the motion to set aside the default judgment, to have been sufficiently egregious to warrant sanctions. Specifically, the Court does not find Plaintiffs' counsel to have acted with the necessary recklessness, bad faith, or improper motive. *See, e.g., Travelers Ins. Co., v. St. Jude Hosp.*, 38 F.3d 1414, 1416-17 (5th Cir. 1994) (given their penal nature, sanctions under

18 U.S.C. §1927 require attorney multiplication of proceedings that is both "unreasonable" and "vexatious"; "evidence of recklessness, bad faith, or improper motive must be present"); *Batson v. Neal Spelce Assoc., Inc.*, 805 F.2d 546, 550 (5th Cir. 1986) (acknowledging necessarily stringent standards for bad faith necessary to implicate Court's inherent sanction power).

With respect to the Motion to Remand, the Court determined, based on the authorities set forth in the November 21, 2007 Order and Reasons, that the *Rooker-Feldman* doctrine does not deprive it of subject matter jurisdiction. Significantly, however, the Court notes that Plaintiffs' position relative to that motion is not inconsistent with the ruling in *Sisung Securities Corporation v. Zurich American Insurance Company*, Civil Action No. 06-9630, 2007 WL 781971 (E.D. La. 2007) (Berrigan, J.). For this and other reasons, the Court disagrees that sanctions are justified in connection with the remand motion.

Relative to the Motion to Set Aside Default Judgment, the Court, for the reasons detailed in the January 8, 2008 Order and Reasons, found the motion to have merit after considering all of the relevant factual circumstances and applicable legal authorities.[1] However, in evaluating the reasonableness and good faith of Plaintiffs' continued opposition to the motion, particularly following the issuance of the Court's November 21, 2007 Order and Reasons,[2] the Court first

---

[1] Plaintiffs' counsel's opposition to the motion for sanctions appears to contend that Plaintiffs never received a copy of the insurance policy bearing the statutorily required notice. Arguments of counsel, however, are not evidence. As the Court noted in the January 8, 2008 Order and Reasons, Plaintiffs did not submit their own affidavits, or that of a submitting agent or broker.

[2] In that Order and Reasons, the Court ordered Plaintiffs to respond to Defendant's supplemental memorandum in support of its motion to set aside the default judgment. *See* November 21, 2007 Order and Reasons (Rec. Doc. No. 25). The Court further instructed: "If after further review, Plaintiffs concede the merit of Defendant's arguments regarding these statutory provisions and the resulting effect on Defendant's request that the default judgment be set aside, they shall so inform the Court." *Id.* The Court issued this instruction because Defendant's supplemental memorandum provided significant additional argument and information, including the affidavits of Mitchell I. Nodier and Richard D. Wehyrich. *See* Defendant's Supplemental Memorandum ("Defendant's Supp. Mem.") (Rec. Doc. No. 19).

acknowledges that Defendant, as movant, bore the burden of proof on that motion. This detail taken alone, though relevant, certainly is not a justification for baseless opposition by litigants or counsel. Here, however, the Court also is sensitive to the fact that the certification and insurance policy provided directly to Plaintiff by *Defendant* – the policy issuer *and* party relying on the extended time allowed for responding to suits upon surplus lines contracts – do *not* reflect the same policy number and do *not* bear the requisite statutory notice.[3] Rather, the appropriate policy copy, bearing the necessary statutory notice, apparently was obtained from the surplus lines broker, and then provided to Plaintiffs, during the course of motion practice.[4]

Additionally, although the Court ultimately determined the affidavit requirement in La. R.S. 22:1263.1 to be inapplicable, that particular statutory provision does not specifically define what constitutes a "personal lines" policy. Nor has it been shown, as Plaintiffs' counsel emphasizes, that the policy itself expressly states that it is not a "personal lines" policy.

Given the foregoing, and considering all relevant facts and circumstances, including counsel's duty to vigorously represent his clients, the Court finds it appropriate to give Plaintiffs' counsel the benefit of the doubt with respect to the motion practice that has occurred in this action. Accordingly, the Court declines to impose sanctions.

---

[3] *See* La. R.S. 22:1258 and 22: 1268; *see also* Exhibit F (labeled as "Plaintiff's Exhibit 3") to Defendant's Supp. Mem. (Rec. Doc. No. 19-3); Exhibit D to Plaintiff's Opposition to Defendant's Motion to Set Aside Default Judgment (Rec. Doc. No. 11-3).

[4] Significantly, Plaintiffs requested a "true certified copy of the policy identified as number 4CP20086" on November 3, 2006. *See* Exhibit F (labeled as "Plaintiff's Exhibit 4") to Defendant's Supp. Mem. (Rec. Doc. No. 19-3). The request put Defendant on notice that the policy copy was being sought in connection with Plaintiffs' hurricane damage claims. *Id.* Nevertheless, in responding, Defendant did not obtain the requested policy copy from the surplus lines broker, such that it would bear the required statutory notice language. Even more surprising, however, is Defendant's later criticism of the "mismatch" in the policy numbers reflected on the policy copy and certification utilized by Plaintiffs in state court, given that Defendant apparently provided these very documents to Plaintiffs in response to their November 3, 2006 request. *See* Defendant's Supp. Mem. at 3-4.

3

Relative to the remainder of this litigation , as well as any future litigation involving these counsel and/or parties, the Court, as previously stated, agrees that all counsel are obligated to diligently and vigorously represent their clients' legitimate interests.  Nevertheless, the Court *strongly* cautions *all* counsel and litigants that it is extremely sensitive to conduct that results in unnecessary and inappropriate consumption of the limited resources of the parties and/or the Court.  Accordingly, although the Court expects vigorous representation by counsel, it likewise requires strict compliance with Rule 11 of the Federal Rules of Civil Procedure, counsel's duty of candor to the Court, and all other ethical and professional obligations.  Such compliance includes, but certainly is not limited to, communication and professionalism amongst counsel, the parties' and counsel's on-going evaluations of the merit of the positions taken by them in this litigation, and good faith efforts to bring this litigation to a prompt resolution.

New Orleans, Louisiana, this __12th__ day of February 2008.

_____
**KURT D. ENGELHARDT
United States District Judge**

4